**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Gabriela and Gerardo Rodriguez, et al., | ) | No. CV 04-2312-PHX-RGS |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| United States of America, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Pending before the Court are Defendants'[1] Motion to Dismiss [Doc. # 22] and Plaintiffs' Motion to Take Judicial Notice [Doc. # 33].  Having considered the parties' arguments presented in their briefs, as well as the applicable law, the Court now rules.

I.      BACKGROUND

In reviewing a motion to dismiss, all allegations of material facts contained in the complaint are taken as true and construed in the light most favorable to the plaintiff.  *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989).  Plaintiff Gabriela Rodriguez was employed as a District Adjudications Officer at level GS-12/13 in Phoenix, Arizona, when she applied for, and was awarded, a position as an Immigration Inspector at Vancouver International Airport, Vancouver, British Columbia, Canada, at level GS-11/10. [Amended

---

[1] The United States of America and Johnnie Galarza, J.D. Jackson, M. Virgil Day, Jim Butler, Omar Longoria and Edwin Martinez in their official capacity.

1    Complaint, Doc. # 16, ¶¶ 19-21]  Prior to the move to Vancouver, Plaintiffs sold their home

2    in Phoenix, and Mr. Rodriguez resigned from his employment with the State of Arizona.

3    [Doc. # 16, ¶ 22]  Plaintiffs allege that the Immigration and Naturalization Service (now the

4    Department of Homeland Security ("DHS")) promised to provide housing for Mrs. Rodriguez

5    and her family "but they never followed through with their promise." [Doc. 16, ¶ 23].

6    Plaintiffs "could not afford housing on [their] own" and therefore were "forced" to live in a

7    hotel and place their belongings in a storage facility.  [Doc. # 16, ¶ 24]  Plaintiffs claim that

8    their children were unable to attend school because they did not have a permanent residence

9    and that Mr. Rodriguez was unable to seek employment because he needed to take care of

10   the children while Mrs. Rodriguez worked.  [Doc. # 16, ¶ 26]

11        Mrs. Rodriguez also alleges she was "stalked" and "relentlessly criticized" by her

12   supervisor, Ms. Johnnie Galarza, for alleged poor performance.  Mrs. Rodriguez claims that

13   she did not have the requisite training for her assigned position, and when she requested

14   training and assistance, Ms. Galarza "was annoyed and unhelpful." [Doc. # 16, ¶ 30]  The

15   work caused Mrs. Rodriguez to suffer emotionally and physically, and necessitated her

16   taking medication for her symptoms.  [Doc. # 16, ¶ 37]

17        Mrs. Rodriguez further alleges that she endured "demeaning" and "suggestive"

18   comments from Inspector Virgil Day, which created a hostile work environment and "created

19   even more stress, anxiety, and mental anguish to her already volatile physical and mental

20   well-being." [Doc. # 16, ¶¶ 38, 39]

21        In response to Mrs. Rodriguez's request for assistance, the DHS referred her to the

22   Employee Assistance Program therapist, Ms. Marlene Finlayson.   Ms. Finlayson

23   recommended that she seek medical attention for her condition.   Accordingly, Mrs.

24   Rodriguez consulted with two doctors, who recommended a short-term medical leave and

25   placed her on anti-depression medication.  [Doc. # 16, ¶ 43, 44]  On December 7, 2002, on

26   the advice of her therapist and doctors, Mrs. Rodriguez requested a Compassionate Hardship

27   transfer back to Phoenix; however, she never received a response regarding her request.  Mrs.

28   Rodriguez subsequently requested a leave without pay ("LWOP"), but once again did not

1  receive a response.  Mrs. Rodriguez informed the DHS that she was moving back to Phoenix
2  so that she could receive financial and emotional support from her extended family.  [Doc.
3  # 16, ¶ 45]

4         On December 18, 2002, Mrs. Rodriguez asked her supervisors Mr. Jim Butler and Mr.
5  Omar Longoria if they would accommodate her medical condition by switching her to work
6  a later shift; however, her request was denied. In addition, she was routinely scheduled to
7  work overtime based on her lack of seniority.  [Doc. # 16, ¶¶ 46, 47]

8         Mrs. Rodriguez ultimately "was forced to return to Phoenix" so that she could receive
9  assistance from her family.  On January 27, 2003, Mrs. Rodriguez discovered that she was
10 classified as "absent without official leave ("AWOL") rather than LWOP/FMLA.  Although
11 she contacted the Seattle District Office about her status, "to date [she] has not received a
12 response" to her inquiries.  [Doc. # 16, ¶ 48, 49]

13        Mrs. Rodriguez alleges that since moving back to Phoenix, she has been unsuccessful
14 in her attempts to obtain a position with the DHS because the agency has "blacklisted" her.
15 Mrs. Rodriguez has attempted to rectify her AWOL status, but the DHS has "ignored her."
16 [Doc. # 16, ¶¶ 51, 53]  Mrs. Rodriguez further alleges that Mr. Edwin Martinez began
17 publishing defamatory comments about her on an internet website and that these comments
18 were false and damaged her reputation. [Doc. # 16, ¶ 54, 55]

19        Mrs. Rodriguez eventually was notified that she was removed from federal
20 employment effective August 6, 2005. [Doc. # 16, ¶ 56]

21        Plaintiffs' Amended Complaint includes eleven counts as follows: Count I, Violation
22 of the Civil Rights Act, 42 U.S.C. §§ 1981, 1981(a), 1983; Count II, Federal Tort Claims Act
23 ("FTCA"), 28 U.S.C. § 2671 *et seq.*; Count III, Whistleblower Protection Act, 5 U.S.C. §
24 2302(b)(8); Count IV, Breach of Contract; Count V, Breach of the Covenant of Good Faith
25 and Fair Dealing; Count VI, Promissory Estoppel; Count VII, Misrepresentation; Count VIII,
26 Defamation; Count IX, Retaliation Under Title VII of the Civil Rights Act of 1964, § 704(a);
27 Count X, Violation of the Americans with Disabilities Act, 42 U.S.C. § 12111 *e seq.*; and
28 Count XI, Punitive Damages.

1    In their Motion to Dismiss, Defendants argue that the majority of Plaintiffs' claims

2   should be dismissed for reasons including lack of subject matter jurisdiction under Federal

3   Rule of Civil Procedure 12(b)(1) and failure to state a claim under Federal Rule of Civil

4   Procedure 12(b)(6).  Defendants also request that Plaintiffs be required to amend their

5   complaint with respect to any surviving claims under the Federal Tort Claims Act, 28 U.S.C.

6   §§ 1346(b) and 2671, *et seq.*  The Court will address each of Defendants' arguments in turn.

7   II.    STANDARD OF REVIEW

8    Dismissal for failure to state a claim is proper "only if it is clear that no relief could

9   be granted under any set of facts that could be proved consistent with the allegations."

10  *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King*

11  *& Spalding*, 467 U.S. 69, 73 (1984)).  "The issue is not whether a plaintiff will ultimately

12  prevail but whether [he] is entitled to offer evidence to support the claims."  *Cervantes*, 5

13  F.3d at 1274 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

14  III.   DISCUSSION

15  A.    Civil Rights Violation (Count I)

16   Plaintiffs allege that their civil rights were violated pursuant to 42 U.S.C. § 1983.  In

17  order to state a claim under § 1983, two essential elements must be present:  (1) the conduct

18  complained must have been committed by a person acting under color of state law; and (2)

19  this conduct must have deprived a person of rights, privileges, or immunities secured by the

20  Constitution or laws of the United States.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981).

21  Defendants argue that Plaintiffs fail to allege that any Federal employee was acting pursuant

22  to state law and therefore their civil rights claim must be dismissed.

23   In their Amended Complaint, Plaintiffs allege that "Defendant's discrimination

24  practices were with malice or reckless indifference to the federally protected rights of

25  Plaintiffs" and that "Plaintiffs suffered injuries caused by a Federal Employee working in the

26  course and scope of her employment . . . ."  Plaintiffs, however, fail to state in either their

27  Complaint or Response that "the conduct complained of was committed by a person acting

28  under color of state law."  *See Parratt*, 451 U.S. at 535.  Accordingly, the Court will grant

1   Defendants' Motion to Dismiss with respect to Count I for failure to state a proper claim

2   under Federal Rule of Civil Procedure 12(b)(6).

3   B.   Federal Tort Claims Act (Count II)

4       Defendants argue that there is no jurisdiction for Mr. Rodriguez's Federal Tort Claims

5   Act ("FTCA") claim (Count II) because he failed to file a timely administrative claim, a

6   prerequisite required by the FTCA.  The FTCA waives the United States' sovereign immunity

7   for actions in tort.  *Cadwalder v. United States*, 45 F.3d 297, 300 (9th Cir. 1995).  A plaintiff

8   who files suit under the FTCA must, as a jurisdictional prerequisite, submit a claim to the

9   appropriate federal agency before filing suit against the United States.  *Id*.  The pertinent

10  provisions of 28 C.F.R. § 14.3 establishes who may file an administrative claim under the

11  FTCA: "(a) A claim for injury to or loss of property may be presented by the owner of the

12  property, his duly authorized agent or legal representative.  (b) A claim for personal injury

13  may be presented by the injured person, his duly authorized agent, or legal representative."

14      Documentation attached as Exhibits 1 and 2 to Defendants' Reply Brief demonstrates

15  that on August 28, 2003, Mrs. Rodriguez filed a timely administrative claim on behalf of

16  herself and her children.[2]  However, neither party has provided documentation demonstrating

17  that either Mr. Rodriguez or his counsel filed a claim on Mr. Rodriguez's behalf.

18  Accordingly, the Court will grant Defendants' Motion to Dismiss Mr. Rodriguez's FTCA

19  claim for lack of jurisdiction.

20      With respect to Count II, Defendants concede that Mrs. Rodriguez and her children

21  have properly exhausted their administrative remedies; however, Defendants request that the

22  Court require these Plaintiffs to file an amended complaint "consistent with FTCA law and

23  requirements of the Federal Rules of Civil Procedure."

24      Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of

25  the claim showing that the pleader is entitled to relief," in order to "'give the defendant fair

26

27      [2]  These materials may be considered by the Court in ruling on the United States' Motion to Dismiss
    under Federal Rule of Civil Procedure 12(b)(1).  *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir.
28  1988).

notice of what the . . . claim is and the grounds upon which it rests.'" *See Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (quoting *Conley v. Gibson*, 355 U.S.41, 47 (1957)). In Count II, Plaintiffs state that they "suffered injuries caused by a Federal Employee working in the course and scope of her employment, and in violation of 28 U.S.C. § 2671 et seq." This bald assertion fails to meet the minimal requirements of Rule 8(a)(2) and certainly does not give Defendants "fair notice of what the . . . claim is and the grounds upon which it rests." Accordingly, the Court will grant Defendants' Motion to Dismiss Mrs. Rodriguez's and her children's FTCA claim (Count II) without prejudice. These Plaintiffs may file an amended complaint with respect to their FTCA claim consistent with the requirements of the Federal Rules of Civil Procedure as discussed above.

C.      Whistleblower Protection Act (Count III)

        Defendants argue that Plaintiffs' claim that Defendants violated the "Whistleblowing (sic) Act" should be dismissed for two reasons. First, Defendants argue that Plaintiffs failed to provide adequate notice as to what portions of the Act they allege have been violated, and in what manner, so that Defendants can adequately respond. Further, Defendants maintain that only Mrs. Rodriguez, not her husband or children, may bring an allegation under the Act.

        Second, Defendants argue that Plaintiff failed to pursue appropriate administrative remedies and that there is no jurisdiction in this Court. Defendants point out that an employee who seeks to make a complaint based on a prohibited personnel action such as a violation of the Whistleblower Protection Act[3] ("WPA") must first make a complaint with the Office of Special Counsel. *See* 5 U.S.C. § 1213. An employee who is not satisfied with the decision of the Office of Special Counsel may appeal the matter to the Merit Systems Protection Board ("MSPB"). *See* 5 U.S.C. § 1214(a)(3). An employee who disagrees with

---

        [3] The definition of a "prohibited personnel practice" includes "taking] . . . a personnel action with respect to any employee . . . because of . . . any disclosure of information by an employee . . . which the employee or applicant reasonably believes evidences . . . a violation of any law, rule, or regulation, or . . . gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety." 5 U.S.C. § 2302(b)(8)(A).

1   the decision of the MSPB may appeal the case to the Federal Circuit Court of Appeals, which

2   has exclusive jurisdiction.  *See* 5 U.S.C. § 7703(b)(1) and 28 U.S.C. § 1295(a)(9).

3          Because this Court lacks jurisdiction to hear Plaintiff's WPA claim, the Court will

4   grant Defendants' Motion to Dismiss with respect to Count III.

5   D.     Breach of Contract (Count IV) and Breach of the Covenant of Good Faith and Fair
           Dealing (Count V)

6

7          Defendants first note that the only party to the contract is Mrs. Rodriguez, therefore

8   the other Plaintiffs have no standing to bring a breach of contract claim–or the related breach

9   of covenant claim–because they were not parties to the contract.  Defendants next note that

10  since federal courts are courts of limited jurisdiction, it is presumed that a cause lies outside

11  of their jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377

12  (1994).  Therefore, because Mrs. Rodriguez asserts that jurisdiction exists, she must establish

13  that this Court has jurisdiction to hear her claims.  *See id*.  Defendants argue that Mrs.

14  Rodriguez asserts no basis for the Court's jurisdiction over her contract claims and, indeed,

15  that there is no basis.

16         Defendants point out that because Mrs. Rodriguez seeks damages in excess of $10,000

17  for the breach of contact claim, the District Court has no subject matter jurisdiction.  A

18  review of the Amended Complaint shows that Mrs. Rodriguez seeks damages "in excess of

19  $75,000" with respect to her contract violation claims.  Under 28 U.S.C. § 1346(a)(2), district

20  courts have jurisdiction over civil actions based upon "any express or implied contract" with

21  the United States less than $10,000, except those subject to the Contract Disputes Act, which

22  does not apply in this case.  Plaintiffs fail to respond to these arguments.

23          Accordingly, the Court will grant Defendants' Motion to Dismiss with prejudice as

24  to Mr. Rodriguez and the two Rodriguez children with respect to Counts IV and V.  The

25  Court will order that Mrs. Rodriguez's contract claims in Counts IV and V be transferred to

26  the Court of Federal Claims, which has "jurisdiction to render judgment upon any claim

27  against the United States founded . . . upon any express or implied contract with the United

28

1   States . . . ." 28 U.S.C. § 1491(a)(1). *See* 28 U.S.C. § 1631; *United States v. Nye County,*
2   *Nevada*, 178 F.3d 1080, 1089 (9th Cir. 1999).

3   E.      Promissory Estoppel (Count VI)

4           Defendants argue that Plaintiffs' Promissory Estoppel claim should be dismissed
5   because there is no legal precedence for allowing Plaintiffs to sue the United States on a
6   promissory estoppel theory, *see Jablon, M.D. v. United States*, 657 F.2d 1064, 1069 (9th Cir.
7   1981), and the United States has not waived sovereign immunity for this claim, *see id*.
8   Defendants argue further that the allegations in Plaintiffs' amended complaint fail to establish
9   a basis for bringing such cause of action, including jurisdiction.  Plaintiffs fail to respond to
10  these arguments.  Because there is no jurisdiction for Plaintiffs' promissory estoppel claim,
11  the Court will grant Defendants' Motion to Dismiss with respect to Count VI.

12  F.      Misrepresentation (Count VII) and Defamation (Count VIII)

13          Plaintiffs appear to assert tort claims for misrepresentation and defamation under the
14  FTCA in Counts VII and VIII.  Defendants argue that under 28 U.S.C. § 2680(h), actions
15  under the FTCA are prohibited on claims "arising out of . . . libel, slander, misrepresentation,
16  deceit, or interference with contract rights."  Section 2680(h) precludes claims against the
17  United States based on defamation through its exceptions of claims "arising out of" libel and
18  slander.  *See Cooper v. American Auto Ins. Co.*, 978 F.2d 602, 613 (10th Cir. 1992).
19  Defendants assert that even if Plaintiffs' complaint asserted specifics from which the United
20  States could determine the nature of the allegations, which it does not, such claims would be
21  precluded under the FTCA.

22          In their Response, Plaintiffs fail to respond to Defendants' arguments with respect to
23  these claims.  Because the FTCA bars claims based upon misrepresentation and defamation,
24  the Court will grant Defendants' Motion to Dismiss with respect to Counts VII and VIII.

25  G.      Retaliation (Count IX)

26          Defendants argue that Plaintiffs' retaliation claim should be dismissed because
27  Plaintiffs failed to first exhaust administrative remedies.  *See Miles v. Department of the*
28  *Army*, 881 F.2d 777, 780 (9th Cir. 1989).  Under 29 C.F.R. § 1614.103, complaints alleging

retaliation are considered to be complaints of discrimination for purposes of this part. Plaintiffs offer no documentation that with respect to this claim, they first filed a requisite complaint with the EEOC and complied with the procedures and time periods set forth in 29 C.F.R. §§ 1614.105 through 1614.110.  Defendants state that the only EEOC complaint known by the DHS is one filed in 1997, and that a final decision was filed in that case on February 27, 2004, with a finding of no discrimination.  With respect to that EEOC complaint, Plaintiffs had within ninety days of receipt of the agency's final decision to file a civil action.  If Plaintiffs did not comply with this jurisdictional requirement, they are barred from filing a discrimination claim based on the conduct alleged in that complaint. *See* 29 C.F.R. § 1614.408.

Because the time period has expired for filing a civil action with respect to Plaintiffs' 1997 EEOC complaint, and because no EEOC complaint apparently was filed with respect to Plaintiffs' present retaliation claim, the Court will grant Defendants' Motion to Dismiss with respect to Count IX.

H.     Americans with Disabilities Act (Count X)

Defendants argue that federal employees are not covered under the Americans with Disabilities Act ("ADA") because the federal government is excluded from the definition of an "employer" under that Act.  *See* 42 U.S.C. § 12111(5)(B) ("the term 'employer' does not include . . . the United States").  Accordingly, because the ADA is not an appropriate basis for a cause of action for discrimination against the federal government, the Court will grant Defendants' Motion to Dismiss with respect to Count X.

In accordance with Plaintiffs' request, the Court will grant said parties leave to file such amended claim within an amended complaint citing such other federal statute as may be deemed appropriate.

I.     Punitive Damages (Count XI)

Defendants argue that Plaintiffs are not entitled to punitive damages under the FTCA. Under 28 U.S.C. § 2674, "[t]he United States . . . shall not be liable for interest prior to judgment or for punitive damages."  Plaintiffs fail to respond to this argument.  Accordingly,

because the FTCA specifically prohibits the award of punitive damages, the Court will grant Defendants' Motion to Dismiss with respect to Count XI to the extent that said count relates to their FTCA claim.

IV.    CONCLUSION

Based upon the foregoing,

**IT IS ORDERED** granting Defendants' Motion to Dismiss [Doc. # 22] with prejudice as to all parties with respect to Counts I, III, and VI through IX.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss without prejudice as to Count X.  Plaintiffs may file an amended complaint with respect to this count, citing such facts and federal statutory authority as may be deemed appropriate within twenty-one days of the filing of this Order.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss with prejudice as to all parties with respect to Count XI to the extent it relates to Plaintiffs' claims under the FTCA.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss with prejudice as to Mr. Rodriguez with respect to Count II.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss without prejudice as to Mrs. Rodriguez and her two children with respect to Count II.  Plaintiffs may filed an amended complaint with respect to this count consistent with FTCA law and requirements of the Federal Rules of Civil Procedure within twenty-one days of the filing of this Order.

**IT IS FURTHER ORDERED** granting Defendants' Motion to Dismiss with prejudice as to Mr. Rodriguez and the two Rodriguez children with respect to Counts IV and V.

**IT IS FURTHER ORDERED** directing the Clerk of the Court to transfer Mrs. Rodriguez's contract claims in Counts IV and V to the Court of Federal Claims.

Plaintiffs have filed a Request (Motion) for the Court to Take Judicial Notice Under Federal Rules of Evidence 201 of certain portions of the testimony of federal Defendant

Edwin Martinez and John David Jackson before the United States Merit Systems Protection Board.  Because this testimony does not involve facts "generally known" by the Court and is not "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," *see* Federal Rule of Evidence 201, and because this information is not relevant to the issues raised in Defendants' Motion to Dismiss,

**IT IS FURTHER ORDERED** denying Plaintiffs' Motion for the Court to Take Judicial Notice Under Federal Rules of Evidence 201.  [Doc. # 33]

**IT IS FURTHER ORDERED** granting Defendants' Motion for Extension of Time to File Their Response to Plaintiffs' Request for the Court to Take Judicial Notice *nunc pro tunc* to October 19, 2006.  [Doc. # 34]

DATED this 9th day of July, 2007.

Roger G. Strand
Senior United States District Judge